UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CRIMINAL NO. SA-22-CR-00653-OLG |
| ) | |
| ) | |
| CHRISTOPHER JOHN PETTIT, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES OF AMERICA'S
MOTION FOR ENTRY OF MONEY JUDGMENT**

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, and makes this Motion for Entry of Money Judgment, pursuant to Fed. R. Crim. P. 32.2(b)(1) & (2), (c)(1), and (e) and Title 21 U.S.C. § 853(p), and in support thereof says the following:

**I.**

On October 5, 2023, the Defendant pled guilty to Counts Three through Eight of the Indictment (Doc. 3), which charged him with the violations of Title 18 U.S.C. § 1343 and Title 18 U.S.C. § 1957. The Indictment (Doc. 3) included a Notice of Demand for Forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), and pursuant to Title 18 U.S.C. § 982(a)(1), in which the United States gave notice of its intent to forfeit certain property, namely:

> **Money Judgment:** A sum of money equal to $65,000,000.00 which represents the proceeds obtained, directly or indirectly, or which represents the value of property used to facilitate or intended to be used to facilitate the violations set forth in the counts referenced above for which the Defendant is solely liable,

hereinafter referred to as the Subject Money Judgment.

The Defendant obtained, directly or indirectly, at least $65,000,000 during the course of the

scheme to defraud. At the Defendant's plea hearing, he admitted that the loss amount was not less than $20,000,000 and no more than $65,000,000. Therefore, the evidence and guilty plea establish that the Subject Money Judgment is forfeitable to the United States of America pursuant to Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c) and pursuant to Title 18 U.S.C. § 982(a)(1).

## II.

Pursuant to Fed. R. Crim. P. 32.2(c)(1), ancillary proceedings are not required for money judgments of forfeiture. *See* Fed. R. Crim. P. 32.2(c)(1), which provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

As such, the effect of Fed. R. Crim. P. 32.2(c)(1) on a money judgment is tantamount to a Final Judgment of Forfeiture in cases where a criminal forfeiture consists only of a money judgment.

## III.

Plaintiff, United States of America, moves the Court to find that the United States has proven by a preponderance of the evidence, by virtue of the guilty plea and the factual basis recited into record, that the Subject Money Judgment represents the value of the property involved in or amount of proceeds obtained by the Defendant from violations of Title 18 U.S.C. § 1343 and Title 18 U.S.C. § 1957.

Plaintiff, United States of America, further moves the Court for an entry of the Subject Money Judgment which forfeits all right, title, and interest of the Defendant, in said Money Judgment.

## IV.

Plaintiff, United States of America, further moves the Court to find that the Subject Money Judgment is a criminal monetary penalty under Condition(s) 14, 15, and 16 of the United States, Western District of Texas Conditions of Probation and Supervised Release.

Accordingly, Plaintiff, United States of America, further moves that should the Court assess

a term of probation or supervised release, that the Defendant, shall pay said money judgment in accordance with a schedule of payments established by the United States Probation Office to commence after all other criminal debt has been satisfied Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c) and pursuant to Title 18 U.S.C. § 982(a)(1).

Accordingly, Plaintiff, United States of America, further moves that the Court order that the Defendant make payments by money order or certified check made **payable to the United States Marshals Service** and shall include the case number of the instant cause on all money orders or certified checks, which in this case is **SA-22-CR-00653-OLG**, and said payments shall be:

> Payable to United States Marshals Service
> Mailed to:
> United States Attorney's Office
> Attn: Asset Forfeiture Section
> 601 NW Loop 410, Suite 600
> San Antonio, TX 78216

### V.

Plaintiff, United States of America, further moves the Court to order that, pursuant to Fed. R. Crim. P. 32.2(e); Title 21 U.S.C. § 853(p); and the guilty plea of the Defendant, the United States shall, at its option, be entitled to the forfeiture of any other property (substitute assets) owned by said Defendant equivalent to the value of the Subject Money Judgment.

### VI.

Plaintiff, United States of America, further moves the Court to order that, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) & (B), at the time of sentencing of the Defendant the Order of Money Judgment shall become final as to the Defendant, be made part of his sentence, and be included in his Judgment in a Criminal Case.

WHEREFORE, PREMISES CONSIDERED, the United States of America respectfully moves this Honorable Court to grant this within Motion for Entry of Money Judgment.

                                                    Respectfully submitted,
                                                    JAIME ESPARZA
                                                    United States Attorney

By:        /s/
                RAY A. GATTINELLA
                Assistant United States Attorney
                Asset Forfeiture Section
                601 N.W. Loop 410, Suite 600
                San Antonio, Texas 78216
                Tel: (210) 384-7040
                Fax: (210) 384-7045
                Texas Bar No. 00798202
                Email: Ray.Gattinella@usdoj.gov

                Attorneys for the United States of America

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2024, the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

**Matthew T. Allen**
Law Office of Matthew Allen
310 S. St. Mary's St. #965
San Antonio, TX 78205
Email: mtallenlaw@gmail.com
*Attorney for Defendant Christopher John Pettit*

                /s/
                RAY A. GATTINELLA
                Assistant United States Attorney